UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-CV-24326-CMA

CARLOS GUARISMA, individually and
on behalf of others similarly situated,

             Plaintiff,

v.

MICROSOFT CORPORATION,

             Defendant.

**JOINT MOTION TO PARTIALLY LIFT STAY TO RESOLVE THE ISSUE OF
SUBJECT MATTER JURISDICTION AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to the Court's Order dated December 28, 2015 [ECF No. 17], Plaintiff Carlos Guarisma ("Plaintiff") and Defendant Microsoft Corporation ("Microsoft") (collectively, the "Parties") respectfully request that the Court lift the stay set by the Court's Order for the limited purpose of resolving the parties' dispute about whether the Supreme Court's decision in *Spokeo, Inc. v. Robins*, No. 13-1339, 2016 WL 2842447 (U.S. May 16, 2016) deprives the Court of jurisdiction over this case. In support, the Parties state the following:

1. On November 18, 2015, Plaintiff filed a Complaint alleging that Microsoft "willful[ly]" violated his and the proposed class members' rights under the Fair Accurate Credit Transactions Act ("FACTA"). (ECF No. 1, at ¶ 62). Plaintiff seeks statutory damages. (*Id.*)

2. On December 28, 2015, the Court *sua sponte* entered an order staying this case pending the Supreme Court's resolution of *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), *cert. granted,* 135 S.Ct. 1892 (2015) ("*Spokeo*"). (ECF No. 17). The Court retained jurisdiction

over the action and provided that the case may be restored to the active docket "upon Court order following motion of a party." *Id.*

3. On May 16, 2016, the Supreme Court issued its opinion in *Spokeo*.[1] The Parties dispute whether the decision affects the Court's jurisdiction over the case.

4. Therefore, because the Court's subject matter jurisdiction must be resolved as a threshold matter, the Parties respectfully request that the Court partially lift the stay for the purpose of resolving this issue. The Parties request that the stay remain in place for the remaining aspects of this action, including discovery, until the Court resolves the question of whether it has subject matter jurisdiction.

5. The Parties also request guidance on how to present the issue to the Court. Plaintiff believes that because it is his burden to prove the Court has jurisdiction, he should go first by filing a Motion to Determine Jurisdiction. *See, e.g.*, *In re Laminate Kingdom, LLC*, 2011 U.S. Bankr. LEXIS 4773 at *2 (S.D. Fla. Dec. 5, 2011) ("The Motion to Determine Jurisdiction seeks a determination that this Court has jurisdiction to hear the Motion to Compel notwithstanding related proceedings against Hodges in England."). Plaintiff further asserts that contrary to Microsoft's assertion that the Federal Rules do not authorize such a motion, the rules do not preclude such a motion, briefing schedules are a matter for the Court's discretion, and indeed it is well established that the Court may even raise (and thus direct briefing on) jurisdictional issues *sua sponte*. Microsoft believes a motion to determine jurisdiction is not authorized by the Federal Rules of Civil Procedure and the proper approach is for Microsoft to file a motion to dismiss for lack of jurisdiction under Rule 12(b)(1).

6. Accordingly, in addition to partially lifting the stay, the Parties request that the Court decide which party should initiate motion practice to resolve the jurisdictional issue. The

---

[1] A copy of the opinion is attached as Exhibit A.

parties are also amenable to filing cross-motions on the issue if the Court prefers. The Parties request that the Court set a due date for the jurisdictional motion(s) of two weeks from the lift of the stay.

7. Finally, Microsoft seeks the Court's guidance on whether Microsoft's jurisdictional submission should include and present Microsoft's alternative argument that, to the extent the Court finds it has subject matter jurisdiction, Plaintiff's claim must be arbitrated on an individual basis. Microsoft believes that raising this alternative argument now in connection with its proposed Rule 12(b) motion will be most efficient, so the Court and the parties are not addressing sequential dispositive motions on threshold issues. Plaintiff disagrees because the Court cannot decide the arbitration motion until the Court first determines that the Court has jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 66 (2009). The Court entered the stay to prevent unnecessary expenditure of time and resources on matter that may be eliminated depending on the outcome of the jurisdictional issue, and, thus, Plaintiff asserts that briefing the arbitration issue now would be premature and potentially wasteful. Plaintiff also notes that Defendant previously objected to lifting the stay in part to avoid the time and expense (both for itself and the Court) of addressing the arbitration issue before the jurisdictional matter was resolved. (ECF No. 24, p.3).

WHEREFORE, the Parties respectfully request that the Court enter an Order partially lifting the stay in this action, determining which party should initiate the briefing on the issue of whether the Court possesses subject matter jurisdiction over this action, and giving the Parties 14 days from the lift of the stay to file that initial motion and brief.

Dated: May 31, 2016                                          Respectfully submitted,

*/s/ Scott D. Owens*                                         */s/ Brian M. Ercole*
Scott David Owens                                            Anne Marie Estevez
SCOTT D. OWENS, P.A.                                         Brian M. Ercole
3800 S. Ocean Drive                                          Morgan, Lewis & Bockius LLP
Suite 235                                                    200 South Biscayne Boulevard, Suite 5300
Hollywood, FL 33019                                          Miami, FL 33131-2339
954−589−0588                                                 Direct: 305.415.3416
Fax: 954−337−0666                                            Main: 305.415.3000
Email: scott@scottdowens.com                                 Fax: 305.415.3001
                                                             annemarie.estevez@morganlewis.com
Bret Leon Lusskin, Jr.                                       brian.ercole@morganlewis.com
Bret Lusskin, P.A.
20803 Biscayne Blvd.                                         *Counsel for Defendant Microsoft*
Ste. 302                                                     *Corporation*
Aventura, FL 33180
954−454−5841
Fax: 954−454−5844
Email: blusskin@lusskinlaw.com

Michael S. Hilicki (*pro hac vice*)
Keogh Law, Ltd.
55 West Monroe Street
Suite 3390
Chicago, Illinois 60603
312-726-1092
mhilicki@keoghlaw.com

*Counsel for Plaintiff Carlos Guarisma
and Putative Class*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2016, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Scott D. Owens*
Scott D. Owens, Esq.