No. 1:15-cv-24326-CMA

─────────────────────────────────────────────

# In the United States District Court
# For the Southern District of Florida

────────────────

CARLOS GUARISMA, on behalf of himself and others similarly situated,

*Plaintiff*,

v.

MICROSOFT CORPORATION,

*Defendant.*

────────────────

## PLAINTIFF'S MOTION FOR PRELIMINARY
## APPROVAL OF CLASS ACTION SETTLEMENT

────────────────

Scott D. Owens, Esq.
SCOTT D. OWENS, P.A.
3800 S. Ocean Drive, Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

BRET L. LUSSKIN, Esq.
20803 Biscayne Blvd., Suite 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

Keith J. Keogh
Michael S. Hilicki, Esq.
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, Il 60603
312.374.3403 (Direct)
312.726.1092 (Main)
312.726.1093 (Fax)
Keith@KeoghLaw.com
mhilicki@KeoghLaw.com

*Attorneys for Plaintiff*

February 24, 2017

─────────────────────────────────────────────

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION AND SUMMARY OF THE LITIGATION, MEDIATION AND
       SETTLEMENT ...................................................................................................1

II.    SUMMARY OF THE PROPOSED SETTLEMENT ....................................................3

       A.  Class Definition ...........................................................................................3

       B.  Structure of the Settlement Amount ............................................................3

       C.  Individual Settlement Class Member Benefits ............................................3

       D.  Additional Relief ..........................................................................................4

       E.  Compensation for the Class Representative .................................................4

       F.  Payment of Attorneys' Fees and Expenses ..................................................4

       G.  Release .........................................................................................................4

III.   THE PROPOSED SETTLEMENT CLASS
       SHOULD BE CERTIFIED ....................................................................................5

       A.  The Numerosity Element Is Satisfied ..........................................................6

       B.  The Commonality Element Is Satisfied .......................................................6

       C.  Plaintiff's Claims Are Typical of the Claims of the Class...........................6

       D.  The Adequate Representation Element Is Satisfied......................................7

       E.  The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3).............8

IV.    THE PROPOSED SETTLEMENT
       WARRANTS PRELIMINARY APPROVAL..............................................................10

V.     THE PROPOSED CLASS NOTICE SHOULD BE APPROVED............................14

VI.    THE SELECTION OF A CY PRES RECIPIENT ....................................................15

VII.   THE MATTER SHOULD BE SET FOR A FAIRNESS HEARING .........................16

VIII.  DEFENDANT DOES NOT OBJECT TO THE RELIEF REQUESTED ..................16

IX.    SUGGESTED SCHEDULE ...................................................................................16

X.     CONCLUSION.....................................................................................................17

CERTIFICATE OF SERVICE ........................................................................................18

## INTRODUCTION AND SUMMARY OF THE
## LITIGATION, MEDIATION AND SETTLEMENT

Plaintiff respectfully moves the Court for preliminary approval of the nationwide class action settlement ("Settlement") reached between Plaintiff, Carlos Guarisma, and Defendant Microsoft Corporation ("Microsoft"). Plaintiff alleges that Microsoft retail stores printed transaction receipts that revealed more than the last five digits of purchasers debit and credit card numbers, in willful violation of the Fair and Accurate Credit Transaction Act, 15 U.S.C. §1681c(g)(1) (FACTA). Microsoft vigorously denies these allegations. The proposed Settlement would resolve all claims in this action.[1]

FACTA aims to help reduce identity theft by requiring merchants to eliminate certain personal financial information from credit and debit card transaction receipts. *Redman v. Radioshack Corp.,* 768 F.3d 622, 639 (7th Cir. 2014) ("identity theft is a serious problem, and FACTA is a serious congressional effort to combat it."). To encourage private litigants to enforce FACTA's requirements, Congress incorporated FACTA into the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* ("FCRA"), which entitles a successful plaintiff to, *inter alia,* statutory damages for any "willful" violation of the law. *See Harris v. Mexican Specialty Foods, Inc.,* 564 F.3d 1301, 1306 (11th Cir. 2009), *citing* 15 U.S.C. §1681n(a)(l)(A), and (2).

Consistent with this intent, Plaintiff brought this class action to resolve Microsoft's alleged violation of FACTA's prohibition against printing more than the last five digits of credit and debit cards on transaction receipts. (ECF No. 1). On December 28, 2015, the Court *sua sponte* stayed this case pending the outcome of the *Robins v. Spokeo, Inc.* case, which was pending in the Supreme Court. (ECF No. 17). On June 1, 2016, the Court reopened the case. (ECF No. 28). On June 15, 2016, Microsoft filed a motion to dismiss the complaint based on the outcome of *Spokeo* or, in the alternative, to compel arbitration on an individual basis. (ECF No. 29). The parties fully briefed that motion and, on July 6, 2016, the Court denied it. (ECF No. 36). Microsoft filed its answer and affirmative defenses on August 9, 2016 (ECF No. 38).

Thereafter, Microsoft responded to the discovery requests that Plaintiff had served prior to the stay and provided details about the scope of the putative class as well as information about the nature and cause of the alleged FACTA violations at issue. This includes follow up discovery

---

[1] Capitalized terms in this motion are meant to have the same meaning as in the Settlement Agreement, unless otherwise noted.

obtained by Class Counsel's substantial meet and confer efforts with Microsoft. Among other things, the responses demonstrated that the alleged FACTA violations at issue occurred over a short time frame (between November 6, 2015 and December 2, 2015), that Microsoft promptly corrected the issue that caused the alleged violations to occur, and that Microsoft had no prior complaints against it under FACTA. This information was critical to understanding the value of the case and the chances of success on the merits because the FACTA claims at issue require Plaintiff and the class to prove that Microsoft "willfully" violated the law.

The Parties discussed the prospect of settling the case after the denial of Microsoft's motion to dismiss. The parties attended a full day mediation before a private, third-party mediator, Rodney Max, on September 28, 2016. (ECF Nos. 39, 42). The parties then spent the next two months in additional negotiations to come to an agreement in principle for a class settlement. (ECF No. 47, ¶1-¶2). Even after reaching that milestone, the parties had to spend the next approximately ten weeks actively negotiating the formal settlement agreement. A true and accurate copy of the Settlement Agreement and Release ("Agreement") is attached hereto as *Appendix 1*.

Under the Agreement, Microsoft will pay a maximum of One Million, One-Hundred-Ninety-four Thousand, Six Hundred and Ninety-six Dollars ($1,194,696.00) into a Settlement Fund. The Settlement Fund will be divided *pro rata* among all Settlement Class Members who submit a timely claim, up to a maximum of $100 per claimant, after payment of the costs of notice and administration and the court-approved attorneys' fee and class representative incentive awards. Microsoft will only be responsible for payment to Settlement Class Members who make a claim but, based on the claim rates in other FACTA cases in which the Settlement Class Members have been given direct-mail notice of the settlement, Plaintiff's counsel anticipate that the entire fund will be exhausted.

All told, this settlement provides the Settlement Class with a significant portion of the statutory damages available under FACTA and, on a per-class member basis, it is in line with several other FACTA class action settlements approved in this District. In addition, as a direct result of the lawsuit, Microsoft has returned its printed receipts for credit and debit card transactions at Microsoft retail stores to full compliance with FACTA. Given the hurdles facing the Settlement Class in this litigation and the difficulty of proving willfulness, the results achieved are outstanding.

Plaintiff therefore moves to: (a) conditionally certify the Settlement Class; (b) appoint Plaintiff as class representative; (c) appoint Scott D. Owens of Scott D. Owens, P.A., Bret L. Lusskin of Bret Lusskin, P.A., and Keith Keogh and Michael S. Hilicki of Keogh Law, Ltd. as class counsel, (d) enter an order granting preliminary approval of the Settlement and plan for giving notice of it to the Settlement Class, and setting this matter for a fairness hearing; and (e) grant such additional relief as deemed just.

## II. SUMMARY OF THE PROPOSED SETTLEMENT

The key terms of the proposed Settlement follow:

**A.      Class Definition.** The settlement class is defined as follows:

All persons (i) identified in the Settlement Class List (ii) who, when making payment for a transaction at a Microsoft retail store located in the United States, (iii) made such payment using a credit or debit card (iv) and were provided with a printed point-of-sale receipt instead of an email receipt (v) which displayed more than the last five digits of said credit or debit card number (vi) between November 20, 2013 and present.

Notwithstanding the foregoing, in compliance with 28 U.S.C. §455, this class specifically excludes persons in the following categories: (A) the district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eleventh Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

The Settlement Class List includes not more than 66,372 members, plus the Settlement also allows persons not on the list to make a claim with proof of such receipt, provided that their transaction is reflected in Microsoft's data. Plaintiff's counsel believe there will be very few, if any, Self-Identifiers, but the Settlement provides this option in an abundance of caution. Importantly, persons who are not on the Settlement Class List and who do not file a claim will not be releasing any rights. In other words, unless and until a Self-Identifier submits a claim, they are not Settlement Class Members and are not impacted by this Settlement.

**B.      Structure of the Settlement Amount.** The Agreement provides, in §II.P. and §III.B., that Microsoft shall pay a total maximum of One-Hundred-Ninety-four Thousand, Six Hundred and Ninety-six Dollars ($1,194,696.00) in connection with the Settlement.

**C.      Individual Settlement Class Member Benefits.** A Settlement Class Member who submits a timely claim form will receive a *pro rata* share of the net settlement proceeds, up to $100, after payment of the cost of sending notice of the Settlement to the Settlement Class,

3

settlement administration expenses, the attorneys' fee and expense award, and any class representative incentive award.

**D.     Additional Relief.** In addition to the individual relief to the Settlement Class provided above, Microsoft has agreed to pay the cost of preparing and sending notice of the Settlement to the Settlement Class, including but not limited to establishment and maintenance of the settlement website, and the cost of handling and disbursing funds to Settlement Class Members, from the Settlement Fund.

**E.     Compensation for the Class Representative.** Subject to Court approval, Plaintiff Guarisma shall apply for an incentive award not to exceed ten thousand dollars ($10,000).[2] The Agreement does not contain any "clear sailing" provision and Microsoft specifically retained its right to object to any incentive award.

**F.     Payment of Attorneys' Fees and Expenses.** Plaintiff's counsel will petition the Court for an award of attorneys' fees not to exceed one-third of the Maximum Settlement Amount, inclusive of expenses, and the notice to the Settlement Class will inform the Settlement Class of such.  As noted above, the Agreement does not provide any "clear sailing" provision and Microsoft also retained its right to object to any fee award.

**G.     Release.** In exchange for the relief described above, the release is applicable to all Settlement Class Members and releases any and all claims, as more fully set forth in the Agreement, related to or arising out of claims that were made or could have been made in this litigation or that relate to the disclosure, display, publication, provision or printing of credit or debit cardholder account information on receipts from a Microsoft retail store. The full scope of the release, and its exact terms, are set forth in §II.Y. and §VI of the Agreement, attached hereto as *Appendix 1*.

---

[2] This is consistent with incentive awards in other cases, including FACTA cases. *See*, *e.g.*, *Cooper v. NelNet, Inc.*, 14-cv-314-RBD-DAB, ECF No. 85, p.5, ¶11 (M.D. Fla. Aug. 4, 2015) ($25,000 incentive award); *Gevaerts v. TD Bank, N.A.*, No. 14-cv-20744-RLR, 2015 U.S. Dist. LEXIS 150354, *25-*26 (S.D. Fla. Nov. 5, 2015) ($10,000 incentive awards to two sets of plaintiffs), *citing Spicer v. Chi. Bd. of Options Exchange, Inc.*, 844 F.Supp. 1226, 1267-68 (N.D. Ill. 1993) (collecting cases approving incentive awards ranging from $5,000 to $100,000, and approving $10,000 for each plaintiff); *Legg v. Lab. Corp. of Am. Holdings*, No. 14-61543-RLR, 2016 U.S. Dist. LEXIS 122695 (S.D. Fla. Feb. 18, 2016) ($10,000, in a FACTA case); *Legg v. Spirit Airlines, Inc*., No. 14-cv-61978-JIC, ECF No. 151, ¶16 (S.D. Fla.) ($10,000 each to two plaintiffs, in a FACTA case); and *Muransky v. Godiva Chocolatier, Inc.*, No. 15-60716-WPD, 2016 U.S. Dist. LEXIS 133695, *11 (S.D. Fla. Sept. 28, 2016) ($10,000, in a FACTA case).

### III. THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED

Plaintiff asserts that prior to granting preliminary approval of a class action settlement, the Court should confirm that the proposed settlement class is a proper class for settlement purposes. *See Manual for Complex Litigation* (Fourth) § 21.632; *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997). "A class may be certified solely for the purposes of settlement where a settlement is reached before a litigated determination of the class certification issue." *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1313-14 (S.D. Fla. 2005) (internal quotations omitted).

Class certification is appropriate if the proposed class meets the elements of Federal Rule 23(a), and one element of Federal Rule 23(b). *See Collins v. Erin Capital Mgmt., LLC*, 290 F.R.D. 689, 693 (S.D. Fla. 2013). The elements of Rule 23(a) are numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a)(1)-(4); *see also Collins*, 290 F.R.D. at 693. The element of Rule 23(b) at issue here requires that common questions of law or fact predominate, and that a class action be a superior method of resolving the claims at issue. Fed. R. Civ. P. 23(b)(3); *see also Collins*, 290 F.R.D. at 693. However, because class certification is being proposed as part of a settlement, the Rule 23(b)(3) inquiry is relaxed as it relates to case manageability because the settlement obviates the need for a trial. *See Amchem*, 521 U.S. at 620.

One court in this District determined that a FACTA class materially identical to the proposed Settlement Class here satisfied all of the requirements for certification in a *contested* class certification proceeding, thus demonstrating that the claims at issue in the instant case are appropriately resolved on a class basis.[3] *See Legg v. Spirit Airlines, Inc.*, 315 F.R.D. 383 (S.D. Fla. 2015) (FACTA case involving printing of credit and debit card transaction receipts that reveal card information that should not be disclosed). Moreover, materially identical FACTA class actions have been certified for settlement purposes by multiple courts in this District. *See Wood v. J Choo USA, Inc.*, No. 15-cv-81487-BLOOM (ECF 80) (S.D. Fla. Jan. 24, 2017) (pending final approval); *Kirchein v Pet Supermarket, Inc.*, 16-cv-60090-RNS (ECF 31) (S.D. Fla. Aug. 22, 2016) (pending final approval); *Muransky v. Godiva Chocolatier, Inc.*, No. 15-cv-60716-WPD, 2016 U.S. Dist. LEXIS 133695 (S.D. Fla. Sept. 28, 2016); *Legg v. Lab. Corp. of Am. Holdings*, No. 14-61543-RLR, 2016 U.S. Dist. LEXIS 122695 (S.D. Fla. Feb. 18, 2016). As shown below, the Settlement Class here likewise satisfies Rule 23 and thus, as in the above cases, preliminarily approval of the Settlement Class is proper.

---

[3] Microsoft strongly contests that certification absent settlement would be appropriate.

### A.      The Numerosity Element Is Satisfied

The first Rule 23(a) element requires that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1); *see also Collins*, 290 F.R.D. at 694. To meet this element, "plaintiffs need not prove the exact size of the proposed class, but rather need demonstrate only that the number is exceedingly large, and joinder impracticable." *Id.* (citations omitted). "As a general rule, a group of more than forty satisfies the numerosity requirement." *Id.*

Here, the putative Settlement Class is estimated to include about 66,372 members. *Appendix 1*, §II.Y. Obviously, it would be impracticable to join more than sixty-thousand people as parties in one lawsuit. Accordingly, the Settlement Class meets the numerosity element.

### B.      The Commonality Element Is Satisfied

The second Rule 23(a) element requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This element is met if there is "at least one issue affecting all or a significant number of proposed class members." *Fabricant v. Sears Roebuck & Co.*, 202 F.R.D. 310, 313 (S.D. Fla. 2001); *see also Agan v. Kathzamn & Korr, P.A.*, 222 F.R.D. 692, 697 (S.D. Fla. 2004) (finding that the commonality requirement is "generally satisfied when a plaintiff alleges that defendants have engaged in a standardized course of conduct that affects all class members") (internal quotation and modification omitted).

This element is met because all Settlement Class Members share the common issues of (1) whether the computerized payment system that Microsoft used at its retail stores violated FACTA by printing credit or debit card transaction receipts that revealed more than the last five digits of each class member's credit or debit card, and (2) whether this violation was willful. *See* 15 U.S.C. §1681c(g)(1) and 15 U.S.C. §1681n(a)(1)(A). Therefore, the commonality element is met. *Compare*, *e.g.*, *Collins*, 290 F.R.D. at 694 ("The crux of the dispute is whether [the defendant's conduct] qualifies as a violation of [FACTA].")

### C.      Plaintiff's Claims Are Typical of the Claims of the Settlement Class

The third Rule 23(a) element requires that the class representative's claims be typical of the claims of the putative class members. Fed. R. Civ. P. 23(a)(3). "The Supreme Court has recognized '[t]he commonality and typicality requirements of Rule 23(a) tend to merge.'" *Collins*, 290 F.R.D. at 697 (citation omitted). "[T]ypicality measures whether a sufficient nexus exists between the claims of the named representative and those of the class at large." *Hines v. Widnall*, 334 F.3d 1253, 1256 (11th Cir. 2003) (internal quotation omitted). A plaintiff's claim is typical of

the class members' claims if they "arise from the same event or pattern or practice and are based on the same legal theory." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). In fact, the typicality requirement may be satisfied despite substantial factual differences when there is a strong similarity of legal theories. *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1357 (11th Cir. 2009); *see also Cooper v. S. Co.*, 390 F.3d 695, 714 (11th Cir. 2004) (finding that named representative need only share the same "essential characteristics" of the larger class) (*overruled on other grounds by Ash v. Tyson Foods, Inc.,* 546 U.S. 454, 457 (2006)). Simply put, when the same unlawful course of conduct is directed at both the named plaintiff and the members of the proposed class, the typicality requirement is met. *See Kennedy v. Tallant*, 710 F.2d 711, 717 (11th Cir. 1983).

Mr. Guarisma's claim is typical of the Settlement Class Members' claims because they are all based on the same facts and legal theory. He alleges that when he and each Settlement Class Member made a purchase at a Microsoft store using a credit or debit card, Microsoft electronically printed a transaction receipt that revealed more than the last five digits of the credit or debit card, and that this occurred because the computer payment system Microsoft used at its retail stores was programmed to print receipts in this manner. In addition, if Mr. Guarisma proves that this violation of FACTA was willful, both he and the Settlement Class would be entitled to the same relief, namely, statutory damages. 15 U.S.C. §1681n(a). Accordingly, Mr. Guarisma meets the typicality requirement.

**D.    Plaintiff and His Counsel Are Adequate Representatives**

The fourth and final Rule 23(a) element requires the class representative to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This factor mandates: (1) that the class representative possess no interests antagonistic to the settlement class, and (2) competent class counsel. *See Fabricant*, 202 F.R.D. at 314-15 (*citing Kirkpatrick v. J.C. Bradford & Co*., 827 F.2d 718, 726-28 (11th Cir. 1987)).

Here, Plaintiff's and the Settlement Class Members' interests are aligned because they both stand to recover statutory damages if Plaintiff proves that Microsoft willfully violated FACTA in the manner alleged. *See* Decl. of C. Guarisma at ¶¶ 10-11, attached as *Appendix 2*. Moreover, Plaintiff's counsel are adequate because they regularly engage in major complex litigation, and have extensive experience in consumer class action lawsuits, including class actions under FACTA. *See*, Decl. of Scott D. Owens at ¶¶ 14-26, attached as *Appendix 3*; *See*, Decl. of Bret

7

Lusskin at ¶¶ 10-11, attached as *Appendix 4*; Decl. of Keith J. Keogh at ¶ 2, attached as *Appendix 5*; *see also Legg v. Voice Media Group, Inc.*, 2014 U.S. Dist. LEXIS 61836 at *14 (S.D. Fla. May 5, 2014) (Mr. Guarisma's counsel Scott D. Owens is a "seasoned [attorney] with the experience to pursue a consumer class action of the variety [the plaintiff] proposes."); *Legg*, 315 F.R.D. at 390 (Mr. Guarisma's "attorneys are experienced and capable, and have served as class counsel in similar consumer class actions before."); and *Legg v. E-Z Rent a Car, Inc.*, No. 14-cv-1716, ECF No. 64 at ¶8.d (M.D. Fla. May 28, 2015). (Scott D. Owens has "fairly and adequately represented and protected the interests of all of the Settlement Class Members."). Thus, the adequacy element is met and Plaintiff and his counsel should be appointed as Class Representative and Class Counsel for settlement purposes pursuant to Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

E.     **The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3)**

Once the four elements of subsection (a) are met, Rule 23 also requires that the case meet one of the three elements of subsection (b). Rule 23(b)(3) provides that a class action can be maintained if the questions of law or fact common to class members predominate over any questions affecting only individuals, and if a class action is a superior method for the fair and efficient adjudication of the controversy. Fed. R. Civ. P 23(b)(3).

The "inquiry into whether common questions predominate over individual questions is generally focused on whether there are common liability issues which may be resolved efficiently on a class-wide basis." *Agan*, 222 F.R.D. at 700 (internal quotations omitted); *Collins*, 290 F.R.D. at 699 (common issues predominate if their resolution has a "direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief.'") (citation omitted). The common questions squarely predominate here. Whether Microsoft's computerized payment system printed transaction receipts that revealed more than the last five digits of the credit or debit card used in the transaction, whether this violation of FACTA was willful, and the statutory damages to be awarded if it was, are all common questions that will both resolve liability and the appropriate recovery on a classwide basis. Thus, the common questions predominate for settlement purposes. *See*, *e.g.*, *Legg*, 315 F.R.D. at 391 ("The court agrees that these central issues predominate over any that would require individual determination."); *see also In re Toys "R" Us – Delaware, Inc. – Fair and Accurate Credit Trans.*

*Act (FACTA) Litig.*, 300 F.R.D. 347, 376 (C.D. Cal. 2013) ("The vast majority of courts outside this district have similarly found that common questions predominate in FACTA class actions.")[4]

A class action is also superior to any other method available to fairly and efficiently adjudicate the Settlement Class Members' claims. *See Bush v. Calloway Consol. Group River City, Inc.*, 2012 U.S. Dist. LEXIS 40450, *33 (M.D. Fla. Mar. 26, 2012) ("Courts routinely find class resolution superior in consumer protection actions, including those brought pursuant to FACTA."). Without a class action, members of the Settlement Class could not feasibly resolve their claims. Statutory damages per claim are limited to no more than $1,000 under 15 U.S.C. §1681n(a)(1)(A), which is insufficient to motivate individual class members to personally vindicate their rights. Thus, individual litigation is infeasible, and a Settlement Class is plainly a superior method of adjudication. *See In re Terazosin Hydrochloride Antitrust Litig.,* 220 F.R.D. 672, 700 (S.D. Fla. 2004) ("the class action device is particularly appropriate where . . . it is necessary to permit the plaintiffs to pool claims which would be uneconomical to litigate individually.") (internal quotation omitted); *see also Amchem,* 521 U.S. at 615. Even if individual litigation was feasible, however, a class action is still superior because it would be judicially inefficient to have multiple courts consider and adjudicate the same factual, liability and statutory damage issues this case presents. *See Agan*, 222 F.R.D. at 700 ("increased efficiency" can also render class action superior), *quoting Sikes v. Teleline, Inc.,* 281 F.3d 1350, 1359 (11th Cir. 2002).

Although this case meets the superiority requirement as it is ordinarily applied, it must be noted that the superiority analysis is relaxed here because class certification is being proposed as part of a settlement, and thus trial management considerations are not a factor. *See Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need

---

[4] In addition to the FACTA cases certified in this District listed on p. 5 above, examples of the numerous other decisions that ruled class certification is proper in FACTA cases include *Bush v. Calloway Consol. Group River City, Inc.*, No. 10-cv-841, 2012 U.S. Dist. LEXIS 40450 at *33 (M.D. Fla. Mar. 26, 2012); *Velasco v. Sogro, Inc.*, No. 08 C 244, 2014 U.S. Dist. LEXIS 104047 at *11-*12 (E.D. Wisc. July 30, 2014); *Rogers v. Khatra Petro, Inc.*, 08-cv-294, 2010 U.S. Dist. LEXIS 103599 at *2 (N.D. Ind. Sept. 29, 2010); *Miller-Huggins v. Mario's Butcher Shop, Inc.*, No. 09-3774, 2010 U.S. Dist. LEXIS 16493 at *14 (N.D. Ill. Feb. 22, 2010); *Shurland v. Bacci Café & Pizzeria on Ogden, Inc.*, 259 F.R.D. 151, 161 (N.D. Ill. 2009); *Harris v. Best Buy Co., Inc.*, 254 F.R.D. 82, 90 (N.D. Ill. 2008) (overruled on separate grounds by *Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794 (7th Cir. 2010); *Redmon v. Uncle Julio's of Illinois, Inc.*, 249 F.R.D. 290, 293 (N.D. Ill. 2008); *Meehan v. Buffalo Wild Wings, Inc.*, 249 F.R.D. 284, 288 (N.D. Ill. 2008); and *Matthews v. United Retail, Inc.*, 248 F.R.D. 210, 217 (N.D. Ill. 2008).

not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial") (citations omitted).

Finally, in addition to the above considerations, the Supreme Court has specifically approved of class actions that seek statutory damages. *See Shady Grove Orthopedic Associates, P.A., v. Allstate Ins. Co.*, 130 S. Ct. 1431 (2010). In *Shady Grove*, the Court considered whether a New York state law prohibiting class actions seeking statutory minimum damages precludes a federal court from considering Rule 23 class action status. *Id.* at 1436. The Court held a plaintiff may pursue a class action seeking statutory damages. *Id.* at 1448.

The portion of Justice Scalia's opinion joined by three other justices found it "obvious" that plaintiffs may aggregate multiple claims for statutory damages in a class action. *Id.* at 1443. Such Rules "neither change plaintiffs' separate entitlements to relief nor abridge defendants' rights; they alter only how the claims are processed." *Id.* Thus, in responding to the defendant's argument that aggregation of statutory penalties improperly transforms a dispute over $500 into a suit for $5 million, Justice Scalia noted:

> [A]ggregate liability, however, does not depend on whether the suit proceeds as a class action. Each of the 1,000-plus members of the putative class could (as [the defendant] acknowledges) bring a freestanding suit asserting his individual claim. It is undoubtedly true that some plaintiffs who would not bring individual suits for the relatively small sums involved will choose to join a class action. That has no bearing, however, on [the defendant's] or the plaintiffs' legal rights. The likelihood that some (even many) plaintiffs will be induced to sue by the availability of a class action is just the sort of "incidental effec[t]" we have long held does not violate §2072(b).

*Id.* Justice Stevens' concurrence provides a fifth vote for this holding. *Id.* at 1459, n.18.[5] In short, the proposed Settlement Class meets the requirements of Rule 23.

## IV. THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

Federal Rule 23 provides that "The claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). The procedure for review of a proposed class action settlement is a well-established two-

---

[5] Responding to Justice Ginsburg's argument that class certification would "transform a $500 case into a $5,000,000 award," Justice Stevens notes: "[C]lass certification would transform 10,000 $500 cases into one $5,000,000 case.  It may be that  without class certification, not all of the potential plaintiffs would bring their cases.  But that is  true of any procedural vehicle; without a lower filing fee, a conveniently located courthouse,  easy-to-use federal procedural rules, or many other features of the federal courts, many plaintiffs  would not sue." *Id.* at 1459  n.18.

step process. Newberg & Conte, 4 *Newberg on Class Actions*, §11.25, at 38-39 (4th Ed. 2002); *see also* Carlos F. Herr, *Annotated Manual for Complex Litigation,* § 21.632 (4th ed. 2004).

The first step is a preliminary, pre-notification determination whether the settlement is "within the range of possible approval." *Newberg*, §11.25, at 38-39 (*quoting Manual for Complex Litigation*, §30.41 (3rd Ed.)); *Fresco v. Auto Data Direct, Inc.*, No. 03-61063-CIV, 2007 WL 2330895 at *4 (S.D. Fla. May 14, 2007). This is not a fairness determination; its purpose, rather, is to ascertain whether there is grounds to notify the class members of the settlement and to proceed with a fairness hearing. *Newberg*, §11.25, at 38-39; *Fresco*, 2007 WL 2330895 at *4 ("A proposed settlement should be preliminarily approved if it is within the range of possible approval or, in other words, if there is probable cause to notify the class of the proposed settlement.") (internal quotations and modification omitted).

The preliminary approval stage is an "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of written submissions and informal presentation from the settling Parties. *See Manual for Complex Litigation,* § 21.632 (4th ed. 2004). If the court finds a settlement proposal "within the range of possible approval," it then proceeds to the second step in the review process—the final approval hearing. *Newberg*, §11.25, at 38-39.

There is a strong judicial and public policy favoring the voluntary conciliation and settlement of complex class action litigation. *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992) ("Public policy strongly favors the pretrial settlement of class action lawsuits"); *Warren v. City of Tampa*, 693 F. Supp. 1051, 154 (M.D. Fla. 1998), *aff'd,* 893 F. 2d 347 (11th Cir. 1998); *Access Now, Inc. v. Claires Stores, Inc.*, No. 00-14017-CIV, 2002 WL 1162422 at *4 (S.D. Fla. May 7, 2002). With a settlement, the class members are ensured a benefit as opposed to the "mere possibility of recovery at some indefinite time in the future." *In re Domestic Air Transport.*, 148 F.R.D. 297, 306 (N.D. Ga. 1993).

Although the approval of a class action settlement is a matter for the Court's discretion, proper consideration should be given to the consensual decision of the Parties. *See Greco v. Ginn Dev. Co., LLC*, 2015 U.S. App. LEXIS 20867 at *9 (11th Cir. Dec. 2, 2015) (unpublished) ("a district court may also rely upon the judgment of experienced counsel for the parties. Indeed, absent fraud, collusion, or the like, the district court 'should be hesitant to substitute its own judgment for that of counsel.'"), *quoting Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977); *see also Warren*, 693 F.Supp. at 1054 ("The Court is affording great weight to the

11

recommendations of counsel for the parties, given their considerable experience in this type of litigation"). Ultimately, a class action settlement should be approved if it is fair, adequate, and reasonable, and not the product of collusion. *Bennett v. Behring*, 737 F.2d 982, 986 (11th Cir. 1984); *Access Now,* 2002 WL 1162422 at \*4. When conducting this analysis, the Court "should always review the proposed settlement in light of the strong judicial policy that favors settlements." *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1329 (S.D. Fla. 2001).

In considering whether the proposed Settlement is "fair, adequate, and reasonable," the following factors are often considered: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *Bennett*, 737 F.2d at 986; *see also In re Sunbeam*, 176 F. Supp. 2d at 1329. Finally, in considering the preliminary approval issue, courts need not "reach any ultimate conclusions on the issues of fact and law which underlie the merits of the dispute." *Cotton*, 559 F.2d at 1330.

Here, the proposed Settlement is fair, adequate and reasonable, and well "within the range of possible approval." This is demonstrated by the amount of monetary relief made available to the Settlement Class, and the fact that the agreement was the result of hard fought, arms' length negotiations by experienced counsel conducted through a seasoned third party mediator.

The monetary relief secured on behalf of the Settlement Class is substantial. Each Settlement Class Member who submits a timely claim form will receive a pro rata share of the Settlement Fund up to $100. *Appendix 1* at §III.D. This compares to a potential statutory damages recovery range of $100-$1000 allowed by FACTA against the inability to prove actual damages, meaning that even if the case went to trial and was successful, there is a good chance Settlement Class Members would not recover more than the minimum $100 statutory damages award. The monetary relief is even more favorable after discounting the "potential" range of recovery to reflect the risk of losing at trial, among other litigation risks. Finally, the monetary relief is also substantial as compared to other cases, because this Settlement exceeds many other FACTA class settlements.[6]

---

[6] *See, e.g.*, *Katz v. ABP Corp.*, 2014 U.S. Dist. LEXIS 141223 at \*2 (E.D.N.Y. Oct. 3, 2014) (FACTA class settlement that gives class members a choice to make a claim for $9.60 in cash or

The non-monetary benefit of this case is also substantial. In response to this lawsuit, Microsoft immediately corrected the issue with its customized point-of-sale software to stop printing more than the last five digits of its customers' credit and debit card account numbers on transaction receipts at retail stores.

The Settlement is the product of substantial and active arms' length negotiations that took place between September 2016 and February 2017. Based on the information produced by Microsoft in discovery and otherwise, Plaintiff's counsel is confident in the strength of the claims alleged in the complaint and Plaintiff's chance of success at the class certification stage and at trial. Nevertheless, litigation is inherently unpredictable, Microsoft is represented by competent and formidable counsel, Plaintiff must clear a number of major hurdles to secure relief for the class in the absence of settlement (including contested class certification proceedings and trial), and the outcomes of those proceedings are never guaranteed.[7]

Indeed, Plaintiff and the Settlement Class Members face significant risks. This includes the possibility that the Court may deny a contested class certification motion and, of course, the possibility that the fact finder concludes that Microsoft's alleged violation of FACTA here was not willful.  Moreover, although this Court denied Microsoft's motion to dismiss the case for lack of subject matter jurisdiction or compel individual arbitration, the Eleventh Circuit might disagree with those decisions, either as to Mr. Guarisma individually or as to the Settlement Class Members.

In the end, when the strengths of the case are weighed against the legal and factual obstacles present, and the complexity of class action practice, there should be no doubt that the proposed

---

a coupon for $15 off of future purchases from defendant); *Hanlon v. Palace Entm't Holdings*, LLC, 2012 U.S. Dist. LEXIS 364 at *14-*15 (W.D. Pa. Jan. 3, 2012) (FACTA class settlement that provides the class with admission tickets to defendant's amusement park); *Todd v. Retail Concepts Inc.*, 2008 U.S. Dist. LEXIS 117126 at *16 (M.D. Tenn. Aug. 22, 2008) (FACTA class settlement providing a $15 credit on class members' next purchase of $125 or more from the defendant); *Palamara v. Kings Family Restaurants*, 2008 U.S. Dist. LEXIS 33087 at *9-*10 (W.D. Pa. Apr. 22, 2008) (FACTA class settlement providing vouchers worth an average of $4.38 each to get appetizers, soup, desserts and other small menu items when visiting the defendant's restaurants in future).

[7] *See Appendix 3* (Decl. of Scott D. Owens) at ¶30; *Appendix 4* (Decl. of Bret Lusskin) at ¶13; and *Appendix 5* (Decl. of Keith J. Keogh) at ¶6.

Settlement is in the best interest of Settlement Class Members.[8] And, given the value of this Settlement – Plaintiff believes it to be one of the largest all-cash FACTA settlements – Plaintiff expects no significant opposition to it by any Settlement Class Member. In its totality, this Settlement is well within the range of reasonableness and should be preliminarily approved by this Court.

## V. THE PROPOSED CLASS NOTICE SHOULD BE APPROVED

The Agreement includes notice procedures designed to directly reach each member of the class as is practicable. *Appendix 1* at §IV.B. Unlike many FACTA settlements that provide direct notice to only a small portion of the class, Plaintiff's counsel will work to obtain class mailing information from a variety of third parties.

Specifically, after preliminary approval, Plaintiff's counsel will subpoena the card processing company that handles Visa and MasterCard transactions for Microsoft to obtain the Settlement Class Member card account information, and then use that information to identify and then send another round of subpoenas to dozens of banks that issued the Settlement Class Members' credit and debit cards to identify who the Settlement Class Members are and obtain their contact information. Plaintiff's counsel will also separately subpoena Discover and American Express, who usually process their own transactions, to identify Settlement Class Members who used those cards. Plaintiff's counsel have successfully undertaken this multi-step process in several cases despite the effort and additional time required to complete it, and despite the banks' general reluctance to provide such information.

After the contact information is obtained, the Claims Administrator shall cause a notice (*Appendix 1* at Exhibit 2) to be sent via regular mail to every Settlement Class Member for which address information is available, to advise them about the Settlement and direct them to the Website where they can obtain additional information about it, including how to comment on the settlement or opt out of it, and how to make a claim. *Appendix 1* at §IV.B.1. The Settlement allows Settlement Class Members to make claims via mail, on-line or even via telephone by using their Settlement Class Member id thzat is provided to them on the direct notice. *Id.* at §II.EE. and §IV.B.2, 3.

---

[8] *See Appendix 3* (Decl. of Scott D. Owens) at ¶30; *Appendix 4* (Decl. of Bret Lusskin) at ¶13; *Appendix 5* (Decl. of Keith J. Keogh) at ¶9.

Second, the Claims Administrator will establish a settlement website that supplements the mail notice with comprehensive information about the Settlement (*Appendix 1* at §IV.B.2), a claim form that Settlement Class Members can use to make a claim and a procedure for filing claims online (*Appendix 1* at Exhibit 4), plus a copy of the Complaint, the Agreement, the Preliminary Settlement Approval Order for the Settlement Class Members to review. *Appendix 1* at §IV.B.2. The notice posted on the site provides Settlement Class Members with a detailed explanation of their options, to enable them to make an informed decision. (*Appendix 1* at Exhibit 5). The Settlement Administrator will also establish and oversee a toll-free phone number for Settlement Class Members to contact to ask questions and submit claims via the phone. *Appendix 1* at §IV.B.3. A mailed notice combined with a Website for further information is a commonly approved method for giving notice in class settlements. *See*, *e.g.*, *See Greco*, 2015 U.S. App. LEXIS 20867 at *15 ("all material facts were available to class members because a full copy of the settlement agreement, and the release, were available on a website referenced in the Notice."); *Collins v. Erin Capital Management, LLC*, No. 12-cv-22839-CMA (S.D. Fla. Dec. 20, 2013) at ECF No. 133, ¶ 5; *Guarisma v. Adcahb Medical Coverages, Inc.*, No. 13-cv-21016-FAM (S.D. Fla. Mar. 2, 2015) at ECF No. 91, ¶11; *Soto v. The Gallup Organization, Inc.*, No. 13-cv-61747-MGC (S.D. Fla. June 6, 2015) at ECF No. 79, ¶9; *De Los Santos v. Millward Brown, Inc.*, No. 13-cv-80670-DPG (S.D. Fla. Feb. 10, 2015) at ECF No. 77, ¶ 11; *Curry v. AvMed, Inc.*, No. 10-cv-24513, 2014 U.S. Dist. LEXIS 48485 at *3 (S.D. Fla. Feb. 28, 2014); *Cooper v. Nelnet, Inc.*, 14-cv-00314-RBD (M.D. Fla. Feb. 26, 2015) at ECF No. 72, ¶10; and *Legg v. E-Z Rent A Car, Inc.*, No. 14-cv-01716-PGB (M.D. Fla. May 28, 2015) at ECF No. 64, ¶10.

Third, Microsoft will serve upon the Attorneys General of each of the fifty United States and the Attorney General of the United States notice of the proposed settlement, pursuant to 28 U.S.C. § 1715, within ten (10) days after the proposed Settlement is filed. *See Appendix 1* at §IV.B.8. In short, the notice plan here should be approved.

## VI. CY PRES RECIPIENT FOR UNCASHED SETTLEMENT CHECKS

Class Counsel aim to distribute all proceeds claimed by Settlement Class Members. However, if any settlement funds cannot be distributed due to uncashed settlement checks, those funds will be distributed (with the Court's approval) to Future of Privacy Forum (https://fpf.org) as a *cy pres* recipient on behalf of the Class. This money will not revert to Microsoft.

15

## VII. THE MATTER SHOULD BE SET FOR A FAIRNESS HEARING

After adequate notice is given to the Settlement Class and the government as required by 28 U.S.C. §1715, a fairness hearing should be held for the Court to confirm that the Settlement is fair, reasonable and adequate. *See*, *e.g.*, *Bennett*, 737 F.2d at 985; *In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1336 (S.D. Fla. 2011).

## VIII. DEFENDANT DOES NOT OBJECT TO PRELIMINARY APPROVAL OF THE SETTLEMENT CLASS

Microsoft disagrees that Plaintiff can satisfy the elements for a litigation class under Rule 23 or that certification of any class would be appropriate here if the parties proceeded with litigation.  Indeed, Microsoft would have vigorously opposed any class certification motion by Plaintiff had the case proceeded as contested litigation.  Nonetheless, following extensive negotiations, Microsoft has agreed to the terms of the Settlement and does not object to the certification of the Settlement Class for settlement purposes only.

## IX. SUGGESTED SCHEDULE

Based on the events that need to take place between the granting of preliminary approval and final approval that are described in the proposed preliminary approval order (Exhibit A to *Appendix 1*), Plaintiff proposes the general scheduling outline below for evaluating and concluding this Settlement.

| _____, 2017 [75 days after the Preliminary Approval Date] | Deadline for notice to be provided to the Settlement Class Members |
|---|---|
| _____, 2017 [135 days after the Preliminary Approval] | Deadline for Settlement Class Members to file any objection, file any notice of their or their counsel's intent to appear at the fairness hearing and the bases therefor, or to submit requests for exclusion (Opt-Out and Objection Deadline) |
| _____, 2017 [135 days after Preliminary Approval] | Deadline for Settlement Class Members to Submit a Claim Form (Claim Period) |
| _____, 2017 [30 days after deadline for claims/objections/opt outs but at least not less than 14 days before the Fairness Hearing] | Deadline for Parties to file the following: (1)   List of persons who made timely and proper requests for exclusion (under seal); (2)   Proof of Class Notice; and |

16

| | (3)   Motion and memorandum in support of final approval and related matter, including responses to any objections. |
|---|---|
| _____, 2017 at ____ _.m.<br>[No earlier than 179 days after the Preliminary Approval] | Fairness Hearing |

The reason Plaintiff proposes 75 days to send notice to the Settlement Class is due to the time needed for the multi-step subpoena procedure to identify Settlement Class Members set forth above, which reflects the number of steps, the number of custodians involved who must be dealt with individually (several dozen banks), and the nature of the data being handled (customer card, name and contact information).

## X. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court (1) certify the proposed settlement class, (2) appoint Mr. Guarisma as class representative, (3) appoint Mr. Guarisma's attorneys as class counsel, (4) preliminarily approve the proposed settlement and notice plan, and set the matter for a fairness hearing, by entering the proposed order attached as Exhibit A to *Appendix 1*, and (5) grant such other and further relief as deemed just.

Respectfully Submitted,

/s/ Keith J. Keogh
Keith J. Keogh
Michael S. Hilicki
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, Il 60603
312.374.3403 (Direct)
312.726.1092 (Main)
312.726.1093 (Fax)
Keith@KeoghLaw.com
mhilicki@KeoghLaw.com

SCOTT D. OWENS, Esq.
3800 S. Ocean Drive, Ste. 235
Hollywood, FL 33019
Tel: 954-589-0588
Fax: 954-337-0666
scott@scottdowens.com

BRET L. LUSSKIN, Esq.
20803 Biscayne Blvd., Suite 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

*Attorneys for the Plaintiff*

17

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on February 24, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date, in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *<u>/s/ Keith J. Keogh</u>*
      Keith J. Keogh, Esq
      .

18