UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-CV-24326-ALTONAGA/O'Sullivan

**CARLOS GUARISMA**,

    Plaintiff,

v.

**MICROSOFT CORPORATION**,

    Defendant.

_____/

## ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**THIS CAUSE** comes before the Court upon parties' Motion for Final Approval of Class Action Settlement [ECF No. 76], filed October 13, 2017. The Court heard from parties on October 26, 2017 at a Hearing [ECF No. 78] on the instant Motion as well as Plaintiff's Motion for Award of Attorneys' Fees [ECF No. 71], filed September 12, 2017. The Court has carefully considered: (a) the Settlement Agreement and Release ("Agreement") [ECF No. 76-1], dated February 17, 2017, between Plaintiff, Carlos Guarisma ("Class Representative"), on behalf of himself and the Settlement Class (as defined therein) and Microsoft Corporation ("Microsoft"), as well as its attached Exhibits; (b) the proposed allocation and distribution of funds among the Settlement Class (*see* Agreement 17–19[1]); and (c) Class Counsel's application for attorneys' fees, expenses, and an incentive award for the Class Representative (*see id*. 19–20); all of the submissions and arguments with respect thereto; the record; and applicable case law.

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

Being fully informed, it is **ORDERED AND ADJUDGED** the parties' Motion for Final Approval of Class Action Settlement **[ECF No. 76]** and Plaintiff's Motion for Award of Attorneys' Fees **[ECF No. 71]** are **GRANTED** as follows:

1.      This Order of Final Approval of Class Action Settlement ("Order") incorporates herein and makes a part hereof, the Agreement, including all Exhibits thereto.  Unless otherwise provided herein, the terms as defined in the Agreement shall have the same meanings for purposes of this Order.

2.      The Court has personal jurisdiction over the Class Representative, Settlement Class Members, and Microsoft for purposes of this settlement only, and has subject matter jurisdiction to approve the Agreement.

3.      The Settlement Class previously certified by the Court includes:

> All persons (i) identified in the Settlement Class List (ii) who, when making payment for a transaction at a Microsoft retail store located in the United States, (iii) made such payment using a credit or debit card (iv) and were provided with a printed point-of-sale receipt instead of an email receipt (v) which displayed more than the last five digits of the credit or debit card number (vi) between November 20, 2013 and [February 28, 2017].
>
> Notwithstanding the foregoing, in compliance with 28 U.S.C. section 455, this class specifically excludes persons in the following categories: (A) the district judge and magistrate judge presiding over this case and the judges of the United States Court of Appeals for the Eleventh Circuit; (B) the spouses of those in category (A); (C) any person within the third degree of relationship of those in categories (A) or (B); and (D) the spouses of those within category (C).

(Order Granting Preliminary Approval [ECF No. 57] 2 (alteration added)).  However, excluded from the Settlement Class is any individual who properly opted out of the Settlement Class pursuant to the procedure described in the Agreement and this Court's Order certifying the Settlement Class and granting preliminary approval of the Settlement.

4. The record shows Class Notice has been given to the Settlement Class (*see* Agreement, Exs. 2–3 54–66) in the manner approved by the Court in its Order Granting Preliminary Approval (*see* Order Granting Preliminary Approval 3–4). The Court finds such Class Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice reasonably calculated, under the circumstances, to apprise Settlement Class Members of the terms of the Agreement and the Class Settlement set forth in the Agreement, and the right of Settlement Class Members to object to or exclude themselves from the Settlement Class and appear at the Fairness Hearing held on October 26, 2017; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and Federal Rule of Civil Procedure 23.

5. This Order shall have no force or effect on those persons who properly and timely excluded themselves from the Settlement Class.

6. The Court finds that extensive arm's-length negotiations have taken place in good faith between Class Counsel and Counsel for Microsoft resulting in the Agreement.

7. The Court finds the designated Class Representative is an appropriate representative.

8. The Court has considered all of the factors enumerated in Federal Rule of Civil Procedure 23(g) and finds that Class Counsel have fairly and adequately represented the interests of the Settlement Class.

9. Pursuant to Federal Rule of Civil Procedure 23(e), the Court hereby finally approves in all respects the Agreement and finds that the Agreement, the Class Settlement, and the plan of distribution as set forth in the Agreement, are, in all respects, fair, reasonable, adequate, and in the best interest of the Settlement Class.

10. The Parties are directed to implement and consummate the Class Settlement according to the terms and provisions of the Agreement. (*See generally* Agreement). Pursuant to the terms of the Agreement as well as the additional terms Microsoft agreed to with regard to Self-Identifiers as described in the present Motion (*see* Mot. 8), all Settlement Class Members and Self-Identifiers who submitted valid claims shall receive the $100 maximum allowed by the Agreement's recovery cap.

11. Upon the Effective Date of the Agreement, the Settlement Class, each Settlement Class Member, and any Self-Identifier, shall release and forever discharge Microsoft and the Microsoft Releasees from any and all Released Claims.

    a. "Released Claims" means any and all claims, actions, causes of action, rights, suits, defenses, debts, sums of money, payments, obligations, promises, damages, penalties, attorney's fees, costs, liens, judgments, and demands of any kind whatsoever that each member of the Settlement Class or Self Identifier may have or may have had in the past, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis, whether past or present, mature or not yet mature, known or unknown, suspected or unsuspected, whether based on federal, state, or local law, statute, ordinance, regulation, contract, common law, or any other source, that were or could have been asserted in the Litigation or that relate to or arise from printing too much information on any receipts from a Microsoft retail store during the settlement class period, including, but not limited to, any claims under the Fair and Accurate Credit Transactions Act ("FACTA") (15 U.S.C. § 1601 *et seq*.), for a violation of any consumer protection statutes, or regarding identity theft or the risk of identity theft.

b.      "Microsoft Releasees" means Microsoft, each of its affiliates; agents; employees; subsidiaries; predecessors; successors; co-venturers; divisions; joint ventures and assigns; as well as each of those entities' or persons' past or present owners; investors; directors; officers; employees; partners; managers; members; principals; agents; underwriters; insurers; co-insurers; re-insurers; indemnitors; shareholders; attorneys; accountants or auditors; banks or investment banks; associates; personal or legal representatives; consultants; vendors; contractors; volunteers; performers; co-marketers; licensors; concessionaires; franchisors; and assigns. The phrase "Microsoft Releasees" expressly includes VeriFone, Inc., but shall not release any claims the Class Representative, any Self-Identifier, or the Settlement Class may have against VeriFone, Inc. for receipts from any person or entity other than Microsoft.

c.      The Settlement Class, each Settlement Class Member, and each Self-Identifier covenant and agree that they shall not hereafter seek to establish liability against any Microsoft Releasee based, in whole or in part, on any of the Released Claims.

d.      The Settlement Class, each Settlement Class Member, and any Self-Identifier expressly waive and relinquish any and all rights which they may have under Section 1542 of the California Civil Code or any similar statute in the United States. Section 1542 reads as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

CAL. CIV. CODE § 1542 (West 2005). Even if the Settlement Class, each Settlement Class Member, and any Self-Identifier may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, the Settlement Class, each Settlement Class Member, and any Self-Identifier

shall be deemed to have, and by operation of this Order shall have, nevertheless, fully, finally, and forever waived, settled and released any and all Released Claims, regardless of such subsequent discovery of additional or different facts.

   e.  The Class Representative releases and forever discharges any and all claims that he may have against any Microsoft Releasee.

  12. Neither the Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Order or any of its terms and provisions, shall be offered by any person or received against Microsoft or any Microsoft Releasee as evidence of — or construed as or deemed to be evidence of — any presumption, concession, or admission by Microsoft of the truth of the facts alleged, the validity of any claim that has been or could have been asserted in the litigation or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the litigation or in any litigation, or of any liability, wrongdoing, or violation of any statute or law by Microsoft or any Microsoft Releasee.

  13. Class Counsel have moved pursuant to Federal Rules of Civil Procure 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Federal Rules of Civil Procedure 23(h)(3) and 52(a), this Court makes the following findings of fact and conclusions of law:

   a.  this Settlement confers substantial benefits on Settlement Class Members;

   b.  the value conferred on the Settlement Class is immediate and readily quantifiable upon this judgment becoming Final (as defined in the Agreement), and Settlement

Class Members who have submitted valid Settlement Claim Forms or Self-Identifier Claim Forms will receive payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under FACTA;

   c. Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

   d. this Settlement was obtained as a direct result of Class Counsel's advocacy;

   e. this Settlement was reached following extensive negotiation between Class Counsel and Counsel for Microsoft, facilitated by a professional mediator, and was negotiated in good-faith and in the absence of collusion;

   f. during the prosecution of the claims in the litigation, Class Counsel incurred expenses in the aggregate amount of $5,813.44, which included mediation and other expenses and which the Court finds to be reasonable and necessary to the representation of the Settlement Class;

   g. Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees and reasonable expenses in an amount up to one-third of the Settlement Fund, equal to $398,232.00, to be paid from the Settlement Fund;

   (h) no member of the Settlement Class has submitted any objection to the award of attorneys' fees and expenses;

   (i) attorneys who recover a common benefit for persons other than themselves or their clients are entitled to a reasonable attorneys' fee from the Settlement Fund

as a whole, *see, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) (citations omitted); and

(j) the requested fee award is consistent with other fee awards in this Circuit and District. *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–96 (11th Cir. 1999) (affirming class attorneys' award of 33.3%); *see also Wolff v. Cash 4 Titles*, No. 03-22778-CIV-TORRES, 2012 WL 5290155, at *6 (S.D. Fla. Sept. 26, 2012) (collecting cases and concluding that 33% is consistent with the market rate in class actions). This fee is also consistent with two recent FACTA cases in this District. *See, e.g.*, *Legg v. Spirit Airlines*, 14-61978-CIV-COHN, Order [ECF No. 151] 5–6 (S.D. Fla. Aug. 2, 2016) (awarding one-third of gross recovery for fees, plus expenses in a FACTA case); *Legg v. Laboratory Corp. of America*, 14-61543-CIV-ROSENBERG, [ECF No. 227] 7 (S.D. Fla. Feb. 18, 2016) (same).

14. Accordingly, Class Counsel are hereby awarded $398,232 from the Settlement Fund as their fee and expense award, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses among Class Counsel.

15. The Class Representative, as identified in the Preliminary Approval Order, is compensated in the amount of $10,000 for his efforts in this case.

16. Without affecting the finality of this Order, the Court retains continuing and exclusive jurisdiction over all matters relating to the administration, consummation, enforcement, and interpretation of the Agreement and of this Order, to protect and effectuate this Order, and for any other necessary purpose. The Class Representative, Settlement Class Members, any Self-Identifiers, and Microsoft are hereby deemed to have irrevocably submitted to the exclusive

jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Agreement or the applicability of the Agreement, including the Exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Order, the Court retains exclusive jurisdiction over any such suit, action, or proceeding. Solely for purposes of such suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the Parties are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

17. All Settlement Class Members and Self-Identifiers, from this day forward, are permanently barred and enjoined from: (a) asserting any Released Claims in any action or proceeding; (b) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action or proceeding based on any of the Released Claims; and (c) organizing Settlement Class Members, or soliciting the participation of Settlement Class Members, for purposes of pursuing any action or proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending or future action or proceeding) based on any of the Released Claims or the facts and circumstances relating thereto.

18. All Settlement Class Members and any Self-Identifiers shall dismiss with prejudice all claims, actions, or proceedings that have been brought by any Settlement Class Member and that have been released pursuant to the Agreement and this Order.

19. This Order, the final judgment to be entered pursuant to this Order, and the Agreement (including the exhibits thereto) may be filed in any action against or by Microsoft

9

or any Microsoft Releasee (as that term is defined herein and the Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Agreement.

21. This Order, and the final judgment to be entered pursuant to this Order, shall be effective upon entry. In the event that this Order and the final judgment to be entered pursuant to this Order are reversed or vacated pursuant to a direct appeal in this Action or the Agreement is terminated pursuant to its terms, all orders entered and releases delivered in connection herewith shall be null and void.

22. This Litigation is hereby **DISMISSED WITH PREJUDICE** on the merits against Class Representative, all other Settlement Class Members and all Self-Identifiers, without fees or costs to any party except as otherwise provided herein.

23. The claims against Microsoft on behalf of the Settlement Class in *Guarisma v. Microsoft Corp.*, No. 15-24326 (S.D. Fla.), are hereby **DISMISSED WITH PREJUDICE** and without costs to any party, except as otherwise provided herein.

**DONE and ORDERED** in Miami, Florida, this 27th day of October, 2017.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record